FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES EDWARD T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:17-CV-00406-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 11 and 13. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Dana C. Madsen. The defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 11, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

ORDER ~ 1

## JURISDICTION

Plaintiff Charles Edward T. protectively filed for supplemental security income on September 16, 2013, alleging an onset date of January 1, 1993. Tr. 192-97. At the hearing, Plaintiff amended the alleged onset date to September 16, 2013. Tr. 56. Benefits were denied initially (Tr. 114-17) and upon reconsideration (Tr. 121-23). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Caroline Siderius on May 3, 2016. Tr. 52-91. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ denied benefits (Tr. 18-36) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 32 years old at the time of the hearing. Tr. 64. He testified that he has a high school diploma and was in special education classes. Tr. 65. Plaintiff lived with his mother at the time of the hearing, and has lived with her since he was released from his 11-year prison term in September 2013. Tr. 64. He has work history in production, and window framing, for short periods of time, but the ALJ determined that Plaintiff has no past relevant work. Tr. 65, 87-88. He testified that he was "let go" from jobs because he was too slow and had to do math in his head. Tr. 65-66. Plaintiff reported that he applies for jobs as part of

ORDER ~ 2

his daily activities, but no one hires him; and he was denied when he applied for vocational rehabilitation services. Tr. 69. Plaintiff testified that he feels depressed "somewhat often"; needs reminders from his mother to take his medication and do household chores; has trouble bending over and lifting; needs help understanding letters; has chest pain and difficulty breathing; and has hearing loss in his right ear. Tr. 68-71. Plaintiff alleges disability due to intellectual disability and psychological impairments. *See* Tr. 114, 121.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the

ORDER ~ 3

ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE–STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER ~ 4

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER ~ 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 16, 2013, the application date. Tr. 23. At step two, the ALJ found Plaintiff has the following severe impairments: learning disorder vs. borderline intellectual functioning; social anxiety disorder; dysthymia; depressive disorder, NOS; personality disorder. Tr. 23. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 23. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, repetitive tasks with no detailed work; routine and predictable work; only ordinary production requirements; reading at no greater than a 3rd grade level and no work requiring more than basic math skills; occasional contact with the general public; occasional non-collaborative interaction with coworkers and no cooperative teamwork; no jobs working with or around children.

Tr. 25. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 29. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 30. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since September 16, 2013, the date the application was filed. Tr. 30.

///

///

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

3. Whether the ALJ properly weighed the lay witness testimony.

**DISCUSSION**

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial

ORDER ~ 8

evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." *See* SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d).[1] The ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

Plaintiff argues the ALJ erroneously considered the opinions of examining psychologist Kayleen Islam-Zwart, Ph.D.; examining psychologist John Arnold,

---

[1] Social Security regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. However, the Court applies the law in effect at the time of the ALJ's decision on May 25, 2016.

ORDER ~ 9

Ph.D.; and a "certification of significance of disability" evaluation by the division of vocational rehabilitation. ECF No. 11 at 8-11.

### 1. *Kayleen Islam-Zwart, Ph.D.*

In August 2015, Dr. Islam-Zwart examined Plaintiff and completed a psychological evaluation. Tr. 645-53. Dr. Islam-Zwart opined that Plaintiff had moderate limitations in his ability to (1) understand, remember, and persist in tasks by following detailed instructions; (2) learn new tasks; and (3) complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 647. Dr. Islam-Zwart rated the overall severity based on the combined impact of all the diagnosed mental impairments as "mild." Tr. 647. The ALJ accorded "some weight" to Dr. Islam-Zwart's opinions because "they are supported by objective medical evidence, although the [ALJ found] the medical evidence as a whole supports greater restrictions than the mild limitations opined by Dr. [Islam-Zwart]." Tr. 28.

Plaintiff argues that the ALJ gave some weight to the opinion of Dr. Islam-Zwart, but failed to include all of the moderate limitations opined by Dr. Islam-Zwart in the assessed RFC and the hypothetical propounded to the vocational expert (VE). ECF No. 11 at 11. A claimant's RFC is what the claimant can still do despite his limitations. *Smolen v. Chater,* 80 F.3d 1273, 1291 (9th Cir.1996) (citing 20 C.F.R. § 404.1545(a)). Dr. Islam-Zwart found moderate limitations in Plaintiff's ability to: understand, remember, and persist in tasks by following detailed instructions; learn new tasks; and *complete a normal workday and*

ORDER ~ 10

*workweek without interruptions from psychologically based symptoms*. Tr. 647. As noted by Defendant, the assessed RFC limited Plaintiff to only "simple repetitive tasks with no detailed work" and "routine and predictable work," which arguably accounted for Dr. Islam-Zwart's assessed moderate limitations on Plaintiff's ability to learn new tasks and understand, remember, and persist in tasks by following detailed instructions. ECF No. 13 at 7 (citing Tr. 25). However, the ALJ entirely failed to consider Dr. Islam-Zwart's opined moderate limitation on Plaintiff's ability to complete a normal workweek or workday without interruptions from psychologically based symptoms. Tr. 647. Thus, the Court finds the ALJ erred by failing to either provide the requisite reasons to reject this moderate limitation opined by Dr. Islam-Zwart, or to incorporate the limitation into Plaintiff's RFC. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations").

      Moreover, the record, as it stands, does not permit the Court to conclude that this error in considering Dr. Islam-Zwart's opinion is inconsequential to the ultimate disability determination. *See Molina*, 674 F.3d at 1115 (error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination). Upon questioning by Plaintiff's counsel at the hearing, the VE testified that a moderate limitation on a claimant's ability to complete a normal work day or work week without interruption from psychologically based symptoms, which was defined by Plaintiff's counsel at the hearing as up to one third of the day, would preclude a claimant from performing any work. Tr. 90-91. Because the

ORDER ~ 11

hypothetical posed to the vocational expert did not reflect all of Plaintiff's limitations, the expert's testimony has no evidentiary value to support the ALJ's step five finding that plaintiff can perform jobs in the national economy. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation and quotation marks omitted).

For all of these reasons, the ALJ did not properly consider Dr. Islam-Zwart's opinion, and it must be reconsidered on remand.

*2. Additional Opinions*

Plaintiff also challenges the ALJ's consideration of two additional opinions. ECF No. 11 at 9-11. First, in September 2013, John Arnold, Ph.D. examined Plaintiff and opined moderate limitations in nine categories of "basic work activities"; and marked limitations in Plaintiff's ability to (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (2) maintain appropriate behavior in a work setting; and (3) complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 438. The ALJ found "little weight is assigned [to] Dr. Arnold's opinions based upon the lack of consistency with objective medical evidence and the relatively mild symptomology consistently documented by other examining and treating sources in the record." Tr. 28-29. Plaintiff "does not agree that mild symptoms were noted by other sources in the record and the ALJ does not identify any such evidence in the record." ECF No. 11 at 10. However, the ALJ may discount an opinion that is conclusory, brief, and

ORDER ~ 12

unsupported by the record as a whole, or by objective medical findings. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (the consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion). As noted by Defendant, the ALJ's decision does cite evidence of normal mental status examinations findings and lack of significant mental health treatment across the longitudinal record. ECF No. 13 at 5-6 (citing Tr. 26-28); Tr.434, 464-66, 469, 651-52. Thus, regardless of evidence that could be considered more favorably to Plaintiff, the ALJ reasonably considered inconsistency between the severity in Dr. Arnold's assessed limitations, and the longitudinal record, including Plaintiff's performance on mental status examinations. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld.").

Second, in February 2014, the division of vocational rehabilitation completed a "certification of significance of disability," which found that Plaintiff met the criteria for "most significantly disabled." Tr. 381-89. This finding appears to be based on the vocational rehabilitation counselor's (VRC) finding that Plaintiff requires "modified or flexible work schedule, extra rest periods, job modifications, or other accommodations due to physical or mental health conditions" and is "[u]nable to sustain attention, or concentrate for long periods of time." Tr. 383. The VRC also found Plaintiff had serious functional limitations, resulting in barriers to employment, that included: inability to recognize or respect

ORDER ~ 13

commonly accepted social cues or personal boundaries; inability to perceive or consider others' viewpoints or to work cooperatively; persistent behavior that results in exclusion, discipline, frequent conflict, or other negative consequences at home, work, school or other settings; persistent behavior of social avoidance, isolation, or withdrawal; extreme suspiciousness or anxiety, anger, or aggression; inability to independently analyze and/or solve problems, weigh alternatives, and/or make decisions; responds impulsively and is easily distracted; and inability to learn or perform basic skills in reading, spelling, or math. Tr. 386-87. The VRC concluded in the "case narrative" section that, based on medical documentation, Plaintiff "will have difficulty with work tolerances, interacting cooperatively with others, [and] difficulties with attendance and work performance due to fatigue. Customer will have difficulties with work skills and will likely require specialized training and accommodations to perform work functions." Tr. 388.

Plaintiff argues the ALJ's failure to consider this opinion constitutes legal error. ECF No. 11 at 10-11. Defendant contends that the VRC opinion was "neither significant nor probative because there is no indication about [who] filled out the form or how they arrived at their conclusions. Accordingly, the ALJ was not required to discuss the form." ECF No. 13 at 6-7. Defendant is correct that the ALJ "need not discuss all evidence presented," rather, the ALJ "must explain why significant and probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the VRC evaluation includes limitations on Plaintiff's ability to maintain a normal work schedule that could

ORDER ~ 14

reasonably be construed as significant evidence supporting more severe functional limitations on Plaintiff's ability to complete a normal workday and workweek, as opined by Dr. Islam-Zwart and Dr. Arnold. Tr. 383, 388, 438, 647. Moreover, the Court notes that the ALJ specifically asked the medical expert for her opinion on the VRC evaluation at the hearing,[2] which further suggests the VRC evaluation was probative evidence that should not have been dismissed by the ALJ without explanation. Tr. 61-63.

Thus, particularly in light of the need to in light of the need to reconsider Dr. Islam-Zwart's opinion, the ALJ should reexamine all of the medical evidence upon remand, including the VRC evaluation, Dr. Arnold's opinion, and all opinion evidence deemed relevant.

**B. Additional Assignments of Error**

Plaintiff also challenges the ALJ's rejection of Plaintiff's symptom claims and lay witness testimony of Plaintiff's mother. ECF No. 11 at 11-13. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical

---

[2] The ALJ asked the medical expert to look at the VRC evaluation, and specifically noted the VRC finding that Plaintiff met the criteria for an individual with significant disabilities, and denied him vocational rehabilitation services. Tr. 61-62. The medical expert "guess[ed]" that Plaintiff was denied based on his medical records, but "[did not] understand" that decision "from a psychological point of view." Tr. 62-63.

ORDER ~ 15

evidence, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 11 at 14, the Court finds that further administrative proceedings are

appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating these opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should also reconsider the credibility analysis, and lay witness testimony. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

    2. Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

///

///

ORDER ~ 17

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 25, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER ~ 18